IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

THOMAS E. HAWKINS,

        Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

        Defendant.

Case No. 07-CV-452-FHM

## OPINION AND ORDER

Plaintiff, Thomas E. Hawkins, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct.

---

[1] Plaintiff's October 20, 2004, protectively filed,, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Charles Headrick was held December 18, 2006. By decision dated February 12, 2006, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on June 16, 2007. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was 27 years old at the time of the hearing.  He has a high school education and has no past relevant work.  He claims to have been unable to work since September 1, 2003, as a result of attention deficit disorder, depression and bipolar disorder.  The ALJ determined that Plaintiff retains the residual functional capacity (RFC) to perform work that does not require understanding, remembering, and carrying out detailed job instructions or interacting appropriately with the general public. [R. 17].  Based on the testimony of the vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations.  The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled.  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts that the ALJ's determination is not supported by substantial evidence.  Specifically, Plaintiff argues that the ALJ failed to appropriately evaluate the opinion of his treating physician and ignored significant probative findings in the record.  The Court concludes that the record contains substantial evidence supporting the ALJ's denial of benefits in this case, and that the ALJ applied the correct standards in evaluating the evidence.  Therefore the Commissioner's denial of benefits is AFFIRMED.

An ALJ is required to give controlling weight to a treating physician's opinion if the opinion is both: (1) well supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) consistent with other substantial evidence in the record. *Branum v. Barnhart*, 385 F.3d 1268, 1275 (10th Cir. 2004). If the ALJ rejects the opinion completely, he must give specific legitimate reasons for doing so. *Miller v. Chater*, 99 F.3d 972, 976 (10th Cir. 1996), *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987).

The record contains a letter dated October 13, 2004, from James Russell, M.D., Plaintiff's treating physician. The letter expresses Dr. Russell's opinion about Plaintiff's ability to work:

> Mr. Hawkins is a twenty-five year old white male I have known professionally since 1991. His major medical problem is severe depression. This has been very difficult to treat and currently I think is quite disabling. I think unless or until this gets treated appropriately and the depression is cured, he is incapable of performing any consistent work.

[R. 137]. The ALJ noted that Dr. Russell is a general practitioner and not a mental health professional. He also observed that Dr. Russell's progress notes contain comments that Plaintiff is non-compliant with treatment. In addition, the ALJ noted that on December 1, 2004, Dr. Russell stated that Plaintiff's depression was better. *Id.* The ALJ stated he "carefully considered Dr. Russell's opinion, [but] it cannot be given controlling weight because it is in conflict with Dr. Russell's own treatment records and treatment records from CREOKS, and inconsistent with the other substantial evidence as noted above." *Id.*

Plaintiff argues that the ALJ's analysis of Dr. Russell's opinion is insufficient because the ALJ ignored some of the factors he was required to consider by *Watkins v. Barnhart*, 350 F.3d 1297 (10th Cir. 2003), failed to specifically point to the conflicts with the CREOKS

records, and failed to consider Dr. Martin's records which Plaintiff asserts are consistent with Dr. Russell's opinion.

In *Watkins v. Barnhart,* 350 F.3d at 1300-01, the case was remanded to the Commissioner because the ALJ offered no explanation for the weight given to the opinion of the treating physician and also failed to state reasons for rejecting the opinion altogether. In the instant case, the ALJ explained that the question of disability is an administrative issue reserved to the Commissioner. [R. 19].  Thus, an explanation for rejecting Dr. Russell's opinions that Plaintiff's depression is "quite disabling" and that Plaintiff "is incapable of performing any consistent work," [R. 137], was provided.

A discussion of the factors[2] listed in *Watkins* is required where the ALJ does not reject the opinion entirely, but assigns it less than controlling weight.  Here, although the ALJ used the term "controlling weight," except for Dr. Russell's statement that severe depression is Plaintiff's major medical problem, it is clear that the ALJ actually rejected Dr. Russell's medical opinion because the opinion was in conflict with Dr. Russell's own treatment records and those of CREOKS.  The ALJ noted that a month and a half after Dr. Russell's letter, on December 1, 2004, Dr. Russell recorded that Plaintiff's depression was better. [R. 136].  The Court notes that on November 5, 2004, Dr. Russell's office note reflects that Plaintiff was on Effexor, had no side effects, was sleeping less, was less grumpy, and that the family (mom and wife) sees improvement. *Id.*  The ALJ also noted the October 26, 2006, CREOKS record that indicated Plaintiff had been placed on medication

---

[2] The factors are: (1) length of treatment relationship and frequency of examination; (2) the nature and extent of the treatment relationship; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area in which an opinion is renders; and (6) other factors brought to the ALJ's attention.  *Watkins,* 350 F.3d at 1301.

and was improving. [R. 202]. The Court finds that the ALJ gave specific legitimate reasons for the rejection of Dr. Russell's opinion. Further, the Court finds that the reasons given by the ALJ are supported in the record, and contrary to Plaintiff's assertion, the ALJ did not misrepresent the evidence in the record.

There is no merit to Plaintiff's argument that the ALJ should have considered Dr. Martin's records. Those records do not address the relevant time period which begins with Plaintiff's claimed onset date of September 1, 2003. Dr. Martin's records are dated from October 1991 to May 1997 and include one additional note dated February 6, 2001. [R. 104-114]. The failure of the ALJ to address Dr. Martin's records does not present any basis for reversal of the decision.

The Court rejects Plaintiff's claim that the ALJ ignored inconsistent opinions rendered by an agency reviewing physician. Burnard Pearce, PhD, completed a Psychiatric Review Technique Form (PRT) and a Mental Residual Functional Capacity Assessment (Mental RFC) form. Both forms addressed Plaintiff's mental impairments, but the forms are each used for a different purpose, do not include the same information, and are not inconsistent.

The PRT form was completed by Burnard Pearce, PhD. on April 25, 2005. [R. 156-168]. That form is a checklist used to analyze the record to determine whether a disability claimant's medical records contain information that would require a finding of disability under the portion of the Social Security Regulations called the Listing of Impairments (Listings), 20 C.F.R. Pt. 404, Subpt. P, App.1.[3] As part of the analysis, the reviewer is

---

[3] The Listings describe, for each of the major body systems, impairments which are considered severe enough to prevent a person from performing any gainful activity.


required to rate the degree of limitation in four functional areas: 1) restriction of activities of daily living; 2) difficulties in maintaining social functioning; 3) difficulties in maintaining concentration, persistence, or pace; and 4) episodes of decompensation of extended duration. [R. 166]. Dr. Pearce rated Plaintiff as having moderate limitations in the first three areas and found insufficient evidence about whether Plaintiff had episodes of decompensation. *Id.*

On the same date, Dr. Pearce also completed a Mental RFC form. [R. 170-172]. That form requires that the reviewer rate the claimant's "capacity to sustain a mental activity over a normal workday and workweek on an ongoing basis." [R. 170]. This form particularizes the functional effects of the broader functional findings made on the PRT form. On this second form, the Mental RFC form, Dr. Pearce marked that Plaintiff's ability to understand and remember detailed instructions, and his ability to carry out detailed instructions were both moderately limited. *Id.* He also found that Plaintiff was markedly limited in his ability to interact appropriately with the general public. [R. 171]. In the narrative section of the form Dr. Pearce remarked: "Can perform simple and some more complex tasks. Can relate to supervisors and coworkers for work purposes. Adaptive function intact. Would have difficulty interacting with the general public." [R. 172]. The Court finds that nothing on the mental RFC form is inconsistent with Dr. Pearce's findings on the PRT form.

The Court rejects Plaintiff's contention that the ALJ committed error by ignoring the following testimony elicited from the vocational expert:

> EXAMINATION OF THE VOCATIONAL EXPERT BY ATTORNEY:

> Q. Ms. Mallon, I'm somewhat confused about some of the RFC's in the record. Pr. Peers (Phonetic) in Exhibit 7F, indicates that he has moderate restrictions from activities of daily living; moderate difficulties in maintaining social functioning; and moderate difficulty in maintaining persistence concentration, or pace. That appears to be somewhat more than just not being able to remember detailed instruction. If moderate impairment exists in those three areas, would that support the testimony more so than just the mental RFC that was given that he – what? He cannot be – cannot remember, carry out detailed instructions, and he cannot – what was the other one? Be around crowds, I think, impairments in general public. I mean, we have a GAF of 50 and 49.
>
> A. Well, that would indicate he couldn't keep a job.

[R. 288]. The restrictions referred to in the question were taken from the Psychiatric Review Technique form completed by Burnard Pearce, PhD. [R. 156-168]. As previously discussed, unlike the Mental RFC form relied on by the ALJ, the PRT form is not specifically directed to detailed vocational issues. Further, it is not clear what aspect of counsel's rambling question elicited the vocational expert's response.

Plaintiff also asserts that the ALJ ignored the portions of the mental consultative examination report that would contradict the ALJ's findings. According to Plaintiff, the ALJ ignored the examiner's opinion that Plaintiff's social functioning "appeared poor," that "his ability to complete most tasks appropriately and within a timely manner proved difficult," and that he had memory problems. [R. 129]. These findings are consistent with Dr. Pearce's mental RFC assessment and were addressed in the ALJ's RFC which limited Plaintiff to "work that does not require understanding, remembering, and carrying out detailed job instructions or interacting appropriately with the general public." [R. 17].

The Court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The Court further finds there

is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED

SO ORDERED this 18th day of November, 2008.

*Frank H. McCarthy*

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

Case 4:07-cv-00452-FHM   Document 22 Filed in USDC ND/OK on 11/18/08   Page 8 of 8